RECEIVED

MAY 27 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JULIUS EVANS, K83890
(Full name and prison number)
(Include name under which convicted)
PETITIONER

vs.

KIMBERLY BUTLER
(Warden, Superintendent, or authorized
person having custody of petitioner)
CUSTODIAN, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

14CV3930
JUDGE REBECCA R. PALLMEYER
MAGISTRATE JUDGE SHEILA M. FINNEGAN

Case Number of State Court Conviction:

97 CR 32176

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered:

Circuit Court of Cook County, Chicago, Illinois

2. Date of judgment of conviction:

July 27, 2000

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

First degree murder

4. Sentence(s) imposed: Natural life imprisonment

5. What was your plea? (Check one)     (A) Not guilty      ( X )
                                        (B) Guilty         (   )
                                        (C) Nolo contendere (   )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

_____

_____

Revised: 11/03/11

**PART I – TRIAL AND DIRECT REVIEW**

1.  Kind of trial:  (Check one):        Jury (X)              Judge only ( )

2.  Did you testify at trial?        YES ( )              NO        (X)

3.  Did you appeal from the conviction or the sentence imposed? YES (X) NO ( )

    (A)  If you appealed, give the

        (1)  Name of court: Appellate Court of Illinois, First District

        (2)  Result: Affirmed the judgment of the trial court

        (3)  Date of ruling: September 23, 2002

        (4)  Issues raised: See page 2a for issue(s) raised

    (B)  If you did not appeal, explain briefly why not:

4.  Did you appeal, or seek leave to appeal, to the highest state court? YES (X)     NO ( )

    ( )  If yes, give the

        (1)  Result: Petition for Leave to Appeal to the Illinois Supreme Court, denied

        (2)  Date of ruling: December 5, 2002

        (3)  Issues raised: See page 2a for issue(s) raised

    (B)  If no, why not:

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (X)

    If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

2

Revised: 11/03/11

Julius Evans was denied his right to a fair trial due to prosecutorial misconduct in its rebuttal closing argument which (A) injected matters unsupported by the evidence, to wit: that an emissary from a co-defendant caused the prosecution's star witness to recant his earlier statement implicating both defendants in the murder, and (B) unfairly played on the jury's fear and loathing of street gangs.

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: Circuit Court of Cook County, Chicago, Illinois

   B. Date of filing: June 3, 2003

   C. Issues raised: See page 3a for a complete list of issues raised in petition for post-conviction relief, 3a through 3b.

   D. Did you receive an evidentiary hearing on your petition?       YES ( )   NO (X)

   E. What was the court's ruling? State's Motion to Dismiss, granted

   F. Date of court's ruling: October 20, 2011

   G. Did you appeal from the ruling on your petition?       YES (X)   NO ( )

   H. (a)   If yes, (1) what was the result? affirmed second-stage dismissal

       (2) date of decision: December 13, 2013

   (b)   If no, explain briefly why not: _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (X)   NO ( )

   (a)   If yes, (1) what was the result? Petition for Leave to Appeal, denied

       (2) date of decision: March 26, 2014

   (b)   If no, explain briefly why not: _____

   _____

   _____

   _____

   _____

   _____

   _____

3

I. Petitioner was denied due process and effective assistance of counsel in pre-trial proceedings where, (A) Petitioner's identification and arrest was predicated on the spurious and recanted statement of detainee Daniel Cage and where counsel failed to interview Cage or conduct pre-trial investigation beyond material provided by the State prior to withdrawing motions to quash arrest and suppress identification testimony and; (B) Where counsel failed to interview Daniel Cage or Yvonne Fluker preparatory to refiling and, in fact, did not refile such motions and; (C) Where counsel failed to move to substitute trial judge who had presided over trial of co-defendant and previous unrelated trial of petitioner and whom counsel had described to petitioner as a "prosecutors judge" and; (D) Where counsel sought to coerce petitioner to offer a plea agreement and abrogate petitioner's right to a trial by jury. (Illinois Constitution, Article 1, Section 2 and 8; and United States Constitution, Amendments VI and XIV).

II. Petitioner was denied a fair trial when the trial court abused its discretion in denying trial counsel's timely objection and prima facia showing of State's pattern of discriminatory exclusion of jurors and where issue was not presented for appellate review appellate counsel was ineffective. (Illinois Constitution, Art., § 8; and United States Const., Amend. VI).

III. Petitioner was denied a fair trial and effective assistance of counsel where counsel failed to object and move to strike prosecutor's improper opening which; (A) Repeatedly inserted his unsupported testimony as to motive and personal opinions intended to inflame jury's fear and loathing of gangs; (B) Deceived the jury as to origin of information

3a.

leading to arrest of accused; (C) Improperly vouched for the role of ASA as verifier of truth to vouchsafe credibility of recanted statement; (D) Repeatedly inserted a position both the State and trial knew to be false. (Illinois Const., Art. 1, § 2 and 8; and United States Const., Amends. VI and XIV; and Rules of Professional Conduct, Rule 3.3 (a)(5)).

IV.    Petitioner was denied a fair trial and effective assistance of counsel where trial counsel's opening advanced defense theory that witness was working the police but failed to call Daniel Cage, a witness both known to counsel and crucial to defense theory.

V.    Where counsel failed to move to redact or in limine State's use of hearsay portion of recanted statement and grand jury testimony of Andrew Jeffers wherein it is alleged Jeffers heard accused confess to a third non-testifying party, where the hearsay was twice introduced and published to the jury in the State's case-in-chief, without defense objection, the petitioner was denied his right to confrontation, due process; a fair trial, and effective assistance of counsel and where trial counsel's dereliction was not presented for appellate review petitioner was denied a full and fair review of his conviction and the effective assistance of counsel on appeal. (Illinois Const., Art. 1, § 2 and 8; and United States Const., Amends VI and XIV).

VI.    Where the State, in response to defense strategy, modified the indictment by instruction to include murder by theory of accountability and where counsel failed to propose instruction on lesser included offense of conspiracy to commit murder petitioner was denied effective assistance of counsel. (Illinois Const., Art. 1, § 8; and United States Const., Amend. VI).

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?     YES ( )     NO (X)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.   Nature of proceeding        _____

        2.   Date petition filed           _____

        3.   Ruling on the petition       _____

        4.   Date of ruling             _____

        5.   If you appealed, what was
            the ruling on appeal?       _____

        6.   Date of ruling on appeal    _____

        7.   If there was a further appeal,
            what was the ruling ?       _____

        8.   Date of ruling on appeal    _____

3.   With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?     YES ( )   NO (X)

    A. If yes, give name of court, case title and case number: _____

_____

    B. Did the court rule on your petition?  If so, state

      (1) Ruling:     _____

      (2)   Date:     _____

4.   With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?     YES ( )         NO (X)

    If yes, explain:

_____

_____

_____

_____

_____

_____

_____

_____

Revised: 11/03/11

**PART III – PETITIONER'S CLAIMS**

1.   State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)   Ground one  Julius Evans was denied his right to a fair trial under the
Supporting facts (tell your story briefly without citing cases or law):

Fourteenth Amendment of the United States Constitution due to prosecutorial misconduct in its rebuttal closing argument which (A) injected matters unsupported by the evidence, to wit: that an emissary from a co-defendant caused the prosecution's star witness to recant his earlier statements implicating both defendants in the murder, and (B) unfairly played on the jury's fear and loathing of street gangs. (Claim one is continued on pages 5a through 5c).

(B)   Ground two  Mr. Evans was denied due process of law under the Fourteenth
Supporting facts:

Amendment to the United States Constitution where post-conviction counsel was allowed to stand on a petition without argument when he believed it was meritless, or was required to withdraw as counsel.

Mr. Evans filed a timely pro se post-conviction petition on May 29, 2003. His petition advanced to the second-stage proceedings and counsel, Assistant Public Defender (APD) Emily Eisner was assigned to represent Mr. Evans during post-conviction proceedings. (Claim two is continued on pages 5d through 5f).

5

During Mr. Evans' trial, the prosecutor violated his duty to safeguard the rights of Mr. Evans and to ensure that Mr. Evans was afforded a fair trial by making improper argument that (a) repeatedly injected matters unsupported by the evidence, over rulings by the trial court, that an emissary from a co-defendant caused the prosecution's star witness to recant his earlier statements implicating both defendant's in the murder, and (b) unfairly played on the jury's fear and loathing of street gangs.

(A)  At trial, the State's star witness, Andrew Jeffers, recanted his statements that directly implicated Julius Evans in the murder of Moatice (Money) Williams. Without question Jeffers was pivotal to the prosecution's case. Andrew Jeffers retracted each and every foundational stone in the State's case against Mr. Evans. In response to the removal of this critical and vital portion of the State's case, Assistance State's Attorney, Fabio Valentini, disregarded his duty to ensure Mr. Evans a fair trial by willfully and repeatedly injecting matters unsupported by the evidence, which were designed to give the impression Mr. Evans threatened and/or intimidated the State's star witness to recant his earlier statements. This tactic adopted by the prosecutor, which was carried out 13 times (9 times over objection) and where he was warned off the area twice by the rulings of the trial judge, abrogated Mr. Evans' constitutionally protected right to a fair trial.

(B) The prosecutor committed reversible error by unfairly playing on the jury's fear and loathing of street gangs.

The State's theory of this case is that the instant murder was

inspired by a turf conflict between rival gangs over the ability to sell drugs in front of a certain building. Toward that end, the State was certainly entitled to adduce evidence of gangs and gang membership. While the State presented evidence of acquitted co-defendant Mario Young's gang membership, the State adduced nothing to indicate that Mr. Evans was a fellow gang member of Young's or affiliated with any gang. The State did not prove that Williams was a gang member nor did it substantiate its theory, outside Jeffers' recanted statements, that the murder was gang-inspired. Therefore, regardless of the lack of reliable, probative evidence to implicate Mr. Evans as a gang member or associate, ASA Valentini probed the well-recognized fear of the jury's in his rebuttal closing argument, to wit:

ASA Valentini:   [The defendants] were trying to shoot Travelling [sic] Vice Lords because there was a conflict going on on that block between them [the defendants] and the Travelling [sic] Vice Lords and because they came there that night to shoot Travelling [sic] Vice Lords and because as usual as they [gangs] usually do they hit the wrong person.

Where there was no evidence adduced of any gang affiliation by the defendant outside of the fully recanted statements of Andrew Jeffers, it was error for ASA Valentini to tap society's deep-seated prejudice against street gangs.

In the case at bar the prosecution violated its duty to safe-guard Mr. Evans' right to be judged solely with respect to the crime charged, and demonstrated profound disrespect for defendant's right to a fair and impartial trial. Where evidence of witness intimidation was non-existent and evidence of the defendant's

purported gang affiliation was insufficiently proved, the prosecutor's strategy was manifestly improper and had it not been for the prosecution's violation of its duty to safeguard the defendant's right and to ensure a fair and impartial trial to Mr. Evans, there is a reasonable probability of a different outcome.

## Ground Two

During Post-Conviction Proceedings, counsel did not begin work on Mr. Evans's petition until sometime around April 13, 2005. Eventually, counsel told the court that her investigator was looking for witnesses in July and October of 2007, and in January and April 2008.

On or about October 23, 2008, almost five and one-half years after Mr. Evans's pro se petition was filed a different APD, Lynn Wilson, was assigned to Mr. Evans' case. It wasn't until October 22, 2009, one-year after the case was assigned to her that she begun to review Ms. Eisner's notes. More than a year later she stated to the court, again that she had started working on the case and that she anticipated filing both an amended petition as well as a 651(c) certificate. Four months later, Wilson filed a 651(c) certificate and told the court that she was not supplementing the record.

The State filed a motion to dismiss and a hearing was held on September 22, 2011, more than eight-years after Mr. Evans filed his petition and counsel was appointed. The State argued that Mr. Evans's claims were forfeited, unsupported by any evidence, and meritless. Defense counsel listed the claims Mr. Evans's petition made and then told then court that she would "rest on his petition" without making any amendments or supplementing it. The trial court held that most of Mr. Evans's claims were forfeited, unsupported by affidavits or other evidence, and/or meritless. The court then dismissed Mr. Evans's petition.

By counsel standing on Mr. Evans's pro se petition without argument (or to simply read his pro se contentions to the court and then stand on the petition), deprived Mr. Evans of any kind of adversarial process, and ignores an attorney's ethical obligation to advocate for his or her client. Moreover, defendants are generally not present in the courtroom during the hearing on the State's motion to dismiss their petition, and even if they are, they cannot argue in support of their petition pro se as long as they remain represented by counsel. Permitting post-conviction counsel to stand on a pro se petition without argument is therefore not only absent of any adversarial process, it necessarily precludes any such process.

By contrast, the procedures for withdrawal adheres to the foregoing due process principles. Here, post-conviction counsel purported to represent Mr. Evans but simply listed his pro se claims and stood on the petition without argument. Mr. Evans had every reason to believe that counsel was properly representing him, but in fact she neither argued on his behalf, nor withdrew and provided him with the procedural protections that have been established by law. Mr. Evans did not have any notice that counsel was essentially dooming his petition by failing to present any argument, nor was he given any opportunity to respond or at least to argue pro se. Moreover, by failing to offer Mr. Evans these procedural protections, counsel ensured that he could not raise those

5e.

same claims again, with better support, as they would now be con-
sidered forfeited. There is a reasonable probability of a different
outcome absent this error of counsel.

(C)  Ground three _____
     Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


(D)  Ground four _____
     Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____


2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?
    YES (X)   NO ( )

3.  If you answered **"NO"** to question (2), state <u>briefly</u> what grounds were not so presented and why not:

_____

_____

_____

6

Revised: 11/03/11

**PART IV – REPRESENTATION**

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)  At preliminary hearing _____

(B)  At arraignment and plea _____

(C)  At trial_____

(D)  At sentencing _____

(E)  On appeal _Michael J. Pelletier, 203 N. LaSalle St., 34th Fl., Chicago, Illinois 60601_

(F)  In any postconviction proceeding _Michael J. Pelletier_____

(G)  Other (state): _____

**PART V – FUTURE SENTENCE**

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )   NO (X)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

     WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _3-16-2014_
            (Date)                              _____
                                                Signature of attorney (if any)


                                                **I declare under penalty of perjury that the foregoing is true and correct.**

                                                _Arvin Evans_____
                                                (Signature of petitioner)

                                                _R99900_____
                                                (I.D. Number)

                                                _Menard C.C. P.O Box 1000_____
                                                (Address)


                                    7                                    Revised: 11/03/11

IN THE UNITED STATES DISTRICT COURT
FOR THE ___NORTHERN___ DISTRICT OF ILLINOIS

JULIUS EVANS, K83890 )
         Plaintiff, )
                        )
                        )
v. )   No. _____
                        )
KIMBERLY BUTLER, Warden of )
Menard Correctional Center )   The Honorable
                        )
                        )   _____,
         Defendants. )   Judge Presiding.

## NOTICE OF FILING

TO:

Lisa Madigan, Attorney General
100 W. Randolph Street
Chicago, Illinois 60601

     **PLEASE TAKE NOTICE** that on or before the 16th day of ___MAY___, 2014, I shall file with the Clerk of the U.S. District Court For The ___NORTHERN___ District of Illinois, the attached Plaintiff's _Petition For Writ of Habeas Corpus, Motion For Appointment of Counsel, and In Forma Pauperis Application and Financial Affidavit._ a copy of which is hereby served upon you.

                        By: _Julius Evans_
                        Register Number K83890
                        Post Office Box 711,
                        Menard, Illinois 62259

## CERTIFICATE OF SERVICE

     I, ___Julius Evans___, being duly sworn aver that I have served copies of the foregoing to the person named above by placing such copies in the U.S. Mailbox at the Menard Correctional Center on the 16th day of ___MAY___, 2014; postage prepaid. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

                        _Julius Evans_
                        Affiant/